H. A. RAYMOND, *Appellant,* v. J. H. WHITCOMB, *Appellee.*

Opinion Filed June 17, 1913.

Rehearing Denied July 1, 1913.

In a suit by an individual to enjoin the obstruction of a space alleged to have been dedicated as a street, where the evidence does not sustain a decree of a dedication, but there appears to be at least some evidence tending to show a private easement in the complainant, the decree may be reversed without prejudice.

Appealed from Circuit Court, Hillborough County; F. M. Robles, Judge.

Decree reversed.

*T. M. Shackleford, Jr.,* for Appellant;

*Hilton S. Hampton,* for Appellee.

WHITFIELD, J.—J. H. Whitcomb sought a decree enjoining Raymond "from enclosing or attempting to enclose and from fencing or obstructing the street lying immediately north of" a lot belonging to the complainant, upon the theory that the space referred to had been dedicated to public use as a street. The court decreed that the space had been "dedicated as a public street by the filing of" a plat, "and has been used as such from the date of dedication," and the injunction was ordered. The defendant appealed.

The plat referred to in the decree does not clearly indicate that the space was dedicated as a public street or

highway, and the evidence does not show such a dedication.

If the complainant is entitled to a private easement of egress and ingress over the space in controversy it may be shown and enforced in appropriate proceedings.

The decree is reversed without prejudice.

TAYLOR, COCKRELL AND HOCKER, J. J., concur.

SHACKLEFORD, C. J., did not participate.